## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

**DAVID GOLDEN**                              :
**2173 San Moritz Circle, Suite 103**        :
**Herndon, VA 20712**                        :
                                             :
       **Plaintiff,**                 :
                                             :
                                             :
**vs.**                                      :   **Civil Action No.: _____**
                                             :
                                             :   **JURY TRIAL DEMANDED**
**MANAGEMENT & TRAINING**                    :
**CORPORATION**                              :
**500 N. Marketplace Drive**                 :
**Centerville, UT 84014**                    :
                                             :
**Serve: CT Corporation Systems**            :
     **1015 15th Street, N.W., Ste 1000**  :
     **Washington, D.C. 20005**      :
                                             :
**And**                                      :
                                             :
**CHUGACH GOVERNMENT**                       :
**SERVICES, INC.**                           :
**3800 Centerpoint Drive, Suite 1200**       :
**Anchorage, AK 99503**                      :
                                             :
**Serve: CT Corporation Systems**            :
     **1015 15th Street, N.W., Ste 1000**  :
     **Washington, D.C. 20005**      :
                                             :
       **Defendants.**               :

## COMPLAINT
### (Retaliation, Wrongful Discharge, Discrimination Based Upon Age)

1.    Plaintiff, David Golden, brings this civil action pursuant to the Age

Discrimination in Employment Act of 1967, alleging that he has been a victim of retaliation

after engaging in protected activity.

## JURISDICTION

2.     This Court has jurisdiction over the subject matter of this civil action pursuant to 42 U.S.C. 2000e-16(c).  Plaintiff has fully exhausted his available administrative remedies by lodging a formal charge against Defendants with the United States Equal Employment Opportunity Commission (EEOC Charge No. 570-2016-00836) and filing the original complaint for retaliation and age discrimination against them within ninety (90) days of receiving his Right to Sue Letter.

## VENUE

3.     Venue is proper in this judicial district as the conduct giving rise to the claim made herein occurred in the District of Columbia.

## PARTIES

4.     Plaintiff, David Golden, (hereinafter "Golden" or "Plaintiff"), is a 65 year old, African-American male, citizen of the United States and resident of the state of Virginia and retired physician.   During the period that gives rise to this litigation, he was employed by Defendant Management & Training Corporation and Chugach Government Services, Inc. as a career and technical training manager at the United States Department of Labor Potomac Job Corps facility in the District of Columbia.  His job location was No.1 DC Village Lane, S.W. Washington, D.C. 20032.

5.     Defendant Chugach Government Services, Inc. ("CGSI") is an Alaska corporation that provides operations, training, management, and maintenance services for the U.S. Department of Labor Job Corps program.  It is the prime contractor for these services with the U.S. Department of Labor.  It is responsible for the career training and education of ex-offenders.  With the assistance and understanding of Defendant MTC, CGSI's human resources director at Job Corps' District of Columbia facility – Grace Jabril – oversaw the duties and

responsibilities of MTC's hired staff including Plaintiff.  CGSI's main focus is on the

management and operation of Job Corps.  CGSI was also responsible for the overall operations

of the Job Corps facility.  All staff meetings with MTC personnel were chaired by its Center

Director – Roxanne Chin.

6.      Defendant Management & Training Corporation ("MTC") is a private company that

for the purposes of this complaint subcontracts its services to CGSI under the CGSI's Job Corps

contract with the United States Department of Labor.  Under its subcontract with CGSI, it

provides academic and technical training to young, ex-criminal offenders so they can find

meaningful jobs to earn a living and become part of the community. It also assists young,

disadvantaged persons in their transition from incarceration to community placement.  MTC is

incorporated under the laws of Utah and has more than 9000 employees worldwide in four

divisions – (1) Education & Training, (2) Corrections, (3) Medical and (4) Economic & Social

Development.  MTC focuses much of its efforts on the hiring and firing of Job Corps staff.

7.      Together, CGSI and MTC (collectively "Job Corps") operate nationally and

internationally under the name "Job Corps."  Each entity works in conjunction with one another

to operate and manage the Job Corps facilities where Plaintiff worked as well as around the

world.  Each entity employed Plaintiff jointly.  Correspondence – regardless of whether the

author was an employee of CGSI or MTC – at all times contained the "Job Corps" logo.

## FACTUAL BACKGROUND

8.      On or about May 2009, Golden was hired by MTC as a career and technical

training manager at the Potomac Job Corps Center (the "Job Corps").  He was supervised on all

aspects of his job by MTC and CGSI management personnel.  Golden's primary responsibilities

consisted of training ex-offenders in the areas educational training, plumbing and culinary arts. He worked in this capacity until his termination on or about July 2015.

9.     Job Corps is a program administered by the United States Department of Labor that offers free-of-charge education and vocational training to young men and women.  It offers a high school diploma program, a GED program, an ESL (English as a Second Language) program, advanced training and co-enrollment opportunities, in addition to vocational training programs such as bricklaying, business technologies, carpentry, cement masonry, electrician training, facilities maintenance, food service, health occupations, landscape technician, painter, plasterer, plumbing, security officer training and transportation.

10.     While acting in the capacity as a technical training manager for Job Corps, one of Golden's other core responsibilities included ensuring that the facility was properly equipped with supplies.  All purchased orders required the approval of the CGSI finance director - Ronald Young before submission.

*Internal Complaints of Age Discrimination*

11.     Beginning on or about April 4, 2011, Golden began to complain and voice his concerns to his supervisors about being discriminated based upon his age.  Specifically, he complained about (1) disparate amount of pay he was receiving as a yearly salary from Job Corps compared to other managers significantly younger than him and less credentialed; (2) younger employees being able to attend training courses that he was not allowed to attend; (3) younger managers getting their supply purchase orders approved while the orders that he made were always being delayed; and (4) younger managers received additional compensation bonuses above their salary for work performed on projects while he was unable to receive the same compensation for similar work performed.

12.     Golden hand-delivered these internal complaints to multiple EEO personnel employed at Job Cops.  In his complaints, he referenced the aforementioned claims of age discrimination.   They included the following:

a.      On April 4, 2011, Golden hand-delivered his first internal EEO complaint alleging age discrimination to the following persons:  Edwin Crenshaw – an MTC employed EEO Officer at the Job Corps, Katrina Brown ("Brown") – an MTC employed EEO Officer at Job Corps, Myra Deloatch ("DeLoatch") – an MTC employed EEO Officer at the Corps and Grace Jabril – CGSI's human resource director.

b.      On December 10, 2013, Golden hand-delivered a second complaint alleging age discrimination to Brown and Jabril.

c.      On July14, 2014, Golden hand-delivered a third complaint alleging age discrimination to Akelah Stroud – Deputy Human Resource Director of MTC, Peter Akim – Deputy Center Director for MTC, Jabril and DeLoatch.

d.      On February 20, 2015 and again on May 20, 2015, Golden hand-delivered his fourth and final complaint alleging age discrimination to Jabril and DeLoatch.  This was the only complaint to be investigated.

*Placement on Performance Improvement Plans*

13.     Despite receiving satisfactory performance appraisals from his supervisors throughout his entire tenure at Job Corps, Plaintiff was first placed on a Performance Improvement Plan ("PIP") in 2012 by his then MTC supervisor Majeeda Aljabar for alleged failure to obtain certifications for his students at Job Corps.

14.    Although he did not believe that his work warranted being placed on a PIP in the first place, he nevertheless passed the requirements of the 2012 PIP and continued working for Job Corps.

15.    While the investigation into Golden's February 20, 2015 internal EEO internal complaint for age discrimination was pending, he was placed on a second PIP by Job Corps on or about March 2015 by his second supervisor at MTC – Edwin Stroman - despite maintaining a satisfactory performance rating prior to the PIP.

16.    On or about July 2015, Golden was terminated by Job Corps for allegedly not successfully completing the requirements of the 2015 PIP despite receiving a satisfactory rating from Mr. Stroman during the same time period.

17.    The handbook, implemented by MTC, required that before employees were placed on a PIP, the employer was required to provide him with a verbal warning following the first offense; a written warning following the second offense; a notice of caution on the third offense; a notice of caution followed by a deferred suspension, paid or unpaid suspension and/or a performance improvement plan following the fourth offense.

18.    None of the progressive discipline procedures were followed with respect to Golden with either PIP.  He was placed on the second PIP and then terminated unjustifiably.

19.    While at the same time, Dwaine Page (34 years of age) and Patricia Pryor (43 years of age) - younger managers employed by Job Corps who did not satisfactorily perform their job duties during Golden's tenure - were given the opportunity to cure their performance after lesser methods of discipline were imposed upon them.

**COUNT I**
**(Retaliation)**
**(MTC & CGSI)**

20.     Plaintiff incorporates by reference paragraphs one through nineteen of this Complaint.

21.     That on February 20, 2015 Plaintiff filed his fourth internal EEO internal complaint with the Job Corps for age discrimination.

22.     That as a direct and proximate result of filing an internal complaint for age discrimination, Job Corps - against public policy - retaliated against Plaintiff by (1) erroneously placing Plaintiff on a PIP and (2) terminating him for failure to meet the requirements of the PIP despite the fact that he had positive ratings on his yearly performance appraisals.

23.     As a direct and proximate result of Job Corps' unlawful discrimination, Golden has suffered and continues to suffer economic losses, lost pay and bonuses and other benefits, lost career opportunities and career damage, and both personal and professional humiliation, as well as physical and emotional pain.

### COUNT II
### (Wrongful Discharge)
### (MTC & CGSI)

24.     Plaintiff incorporates by reference paragraphs one through twenty-three of this Complaint.

25.     That Plaintiff was hired by Job Corps in May 2009 and was given an employee handbook that imposed progressive disciplinary procedures that would be followed should he and other employees be accused of failing to satisfactorily perform their job duties.

26.     That the employee handbook specifically states that should the employee fail to satisfactorily perform his job duties, any of the following disciplinary actions, alone or in combination, may be imposed for violation of company rules, policies, or for inadequate

performance: verbal warning, written warning, notice of caution, notice of caution with deferred suspension, paid or unpaid suspension, performance improvement plan and termination.

27.     That Defendants failed abide by its employee handbook when it failed to follow the progressive discipline procedures in its employee handbook.

28.     That prior to terminating Plaintiff, Defendants were first required to provide him with a verbal warning.  That warning would be followed up by a written warning, a notice of caution, a notice of caution with either a deferred suspension, paid or unpaid suspension, and/or performance improvement plan.

29.     That Defendants failed to follow any of the progressive discipline procedures outlined in its employee handbook before terminating Plaintiff in violation of public policy.

30.     As a direct and proximate result of Job Corps' unlawful discharge, Golden has suffered and continues to suffer economic losses, lost pay and bonuses and other benefits, lost career opportunities and career damage, and both personal and professional humiliation, as well as physical and emotional pain.

## COUNT III
### (Age Discrimination)
### (MTC & CGSI)

31.     Plaintiff incorporates by reference paragraphs one through thirty-one of this Complaint.

32.     That Job Corps – in practice - imposed lesser discipline on younger managers similarly situated to Plaintiff before implementing termination procedures for failing to satisfactorily perform their job duties.

33.     That Job Corps did not apply the progressive discipline measures outlined in its handbook before terminating Plaintiff despite doing so for other employee managers.

34.     Instead, Job Corps unjustifiably placed Plaintiff on a PIP without imposing a lower level of discipline for perceived unsatisfactory performance and then subsequently terminating him for not meeting the requirements of the PIP;

17.     As a direct and proximate result of Job Corps' unlawful discrimination, Golden has suffered and continues to suffer economic losses, lost pay and bonuses and other benefits, lost career opportunities and career damage, and both personal and professional humiliation, as well as physical and emotional pain.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that this Court enter judgment against the Defendants and in favor of him on the claims brought herein and requests the following relief:

1.     Enter judgment in Plaintiff's favor and against Defendants on the retaliation and wrongful discharge claims contained in this civil action;

2.     Award Plaintiff compensatory damages against Defendant to the maximum allowed under the Age Discrimination in Employment Act of 1967, as amended (with interest).

3.     Award Plaintiff back pay;

4.     Award Plaintiff his costs of bringing and maintaining this civil action and including reasonable attorneys' fees.

5.     Award such other and further relief as the Court may deem just and appropriate.

Respectfully submitted,

/s/ Jason C. Crump

_____
Jason C. Crump, Bar No. 465205
**SMITH GRAHAM & CRUMP, LLC**
9701 Apollo Drive, Suite 410
Largo, MD 20774
Tel. (301) 925-2001

Fax (301) 925-2540
jcrump@smithgrahamcrump.com

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues herein.

/s/ Jason C. Crump

_____

Jason C. Crump